61 A.3d 1277

IN THE MATTER OF CHERYL H. PICKER,
AN ATTORNEY AT LAW.

March 26, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–136, concluding that **CHERYL H. PICKER** of **SOUTH ORANGE,** who was admitted to the bar of this State in 1988, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.4(b) (failure to communicate with client), *RPC* 1.5(a) (charging unreasonable fee), *RPC* 1.16(c)(failing to continue representation when ordered to do so by tribunal), *RPC* 1.16(d)(failing to protect client's interests on termination of representation), *RPC* 3.4(c)(knowingly disobeying obligation under rules of a tribunal), *RPC* 7.1(a)(2)(false or misleading communication), *RPC* 8.1(b)(failing to cooperate with disciplinary authorities), *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to provide proof of fitness to practice law;

And good cause appearing;

It is ORDERED that **CHERYL H. PICKER** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective April 25, 2013; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 25th day of March, 2013.